IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| IN RE | ) No. 06 C 3679 |
| GILBERT V. JOHNSON, | ) Appeal from the United States |
| Debtor. | ) Bankruptcy Court for the |
| | ) Northern District of Illinois |
| GREGG SZILAGYI, Chapter 7 Trustee of the Estate of Gilbert V. Johnson, | ) Case Nos. 04 B 33054 and ) 05 A 01717 |
| Plaintiff-Appellee, | ) Eugene R. Wedoff, ) Bankruptcy Judge |
| v. | ) |
| JPMORGAN CHASE BANK, N.A. f/k/a BANK ONE, N.A. and CHARTER ONE BANK, N.A., | ) |
| Defendants-Appellants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a timely appeal from a final judgment entered by the United States Bankruptcy Court for the Northern District of Illinois in an adversary case filed by Gregg Szilagy, the Chapter 7 Trustee (the "Trustee") of the estate of Gilbert V. Johnson, debtor. The adversary case was filed to determine the validity of a release of a 1995 mortgage given by the debtor and now owned by defendants JPMorgan Chase Bank, N.A., formerly known as Bank One, N.A. and Charter One Bank, N.A.

Pursuant to 28 U.S.C. § 158(a)(1), this court has jurisdiction to hear appeals from final judgments entered in cases and proceedings referred to the bankruptcy court for the Northern District of Illinois under Title 28 U.S.C. § 157.

In the bankruptcy court, the parties stipulated to the facts which are recited in the bankruptcy judge's decision as "Findings of Fact." The remainder of the decision consists of the judge's "Conclusions of Law." The Conclusions of Law, which are in dispute in this court, are subject to de novo review. In re KMart Corp., 381 F.3d 709, 712 (7th Cir. 2004), cert. denied, 543 U.S. 1056 (2005).

## STATEMENT OF FACTS

Gilbert V. Johnson filed bankruptcy proceedings on September 7, 2004 for relief under Chapter 7 of the Bankruptcy Code. The petition lists Bank One as a secured creditor based on a residential first mortgage dated June 16, 1995, the mortgage at issue. On June 16, 1995, Gilbert V. and Melba Jean Johnson obtained a mortgage loan in the amount of $183,000 from NBD Mortgage Company. NBD Mortgage Company is the mortgagee of record. The 1995 mortgage was recorded as document number 95403870.

NBD Mortgage Company became First Chicago NBD Mortgage Company. First Chicago NBD Mortgage Company merged with Bank One, N.A. JPMorgan Chase Bank, N.A. is successor by merger to

Bank One, N.A. Charter One became the holder of the Johnsons' loan secured by the 1995 mortgage.

Prior to the 1995 mortgage, the Johnsons entered into a first loan mortgage agreement with First Chicago of Bloomingdale, dated July 13, 1990 and recorded as document number 90568341. It is undisputed that First Chicago of Bloomingdale became a part of First Chicago NBD Mortgage Company.

On or about January 10, 2001, a Release of the 1990 mortgage (the "Release") was recorded. The Release lists the 1990 loan number, the date of the 1990 mortgage, the 1990 mortgage document number, the date of the 1990 recording, and the permanent index number for the property. Following this data is the statement "ALSO RELEASE MORTGAGE DOCUMENT 95403870." No further identifying data is provided or reference made to the 1995 mortgage; however, the document number is the document number of the 1995 mortgage. The Release is executed as follows: FIRST CHICAGO OF BLOOMINGDALE N/K/A FIRST CHICAGO NBD MORTGAGE COMPANY. The release contains no mention of the mortgagee of the 1995 loan, NBD Mortgage Company. NDB Mortgage Company is the party identified in the chain of title as holding the 1995 mortgage lien. The Release does not state or reflect any relationship of NBD Mortgage Company with First Chicago NBD Mortgage Company.

It is undisputed that the reference to the 1995 mortgage in the Release of the 1990 mortgage was a mistake. Although it

had actual authority to do so, First Chicago NBD Mortgage Company did not intend to release the unpaid 1995 mortgage.

In August 2004, Chicago Title Insurance Company conducted a title search of the Johnsons' property which disclosed a "mortgage dated June 16, 1995 and recorded June 22, 1995 as Document No. 95403870 made by Gilbert V. Johnson and Melba Jean Johnson to NBD Mortgage Company to secure an indebtedness in the amount of $183,000." In its review of the property title, Chicago Title stated that the Release of the 1990 mortgage "purports to release [the 1995 mortgage], but the release may be an error. The lender asserts that the debt is unpaid and that the release was an error. The borrower agrees."

On May 10, 2005, the bankruptcy court authorized the Trustee to sell the Johnson residence for $440,000. A reserve of $170,000 was established until a determination was made as to the validity of the 1995 mortgage lien.

## DISCUSSION

The bankruptcy court held that 11 U.S.C. § 544(a)(3) permits the Trustee to avoid the 1995 mortgage lien to the same extent that a bona fide purchaser of real property could avoid the lien under Illinois law. The bankruptcy court found nothing in the Release itself to put the Trustee on "inquiry notice" of a possible mistake. Accordingly, the court concluded that the Trustee was able to avoid any knowledge of the debtor revealed in

the bankruptcy schedule or any information discovered by the title company when it examined the Release and found a mistake. However, in his post-judgment ruling granting a stay of judgment pending appeal, the bankruptcy judge stated the Release, as it applied to the 1995 mortgage, was "outside the chain of title." A030, lines 21-22.

Under Illinois law, a trustee, as successor to the interest of the debtor cannot rely on a mistaken release to invalidate a mortgage when he is on inquiry notice of a mistake. In Re Pak Builders, 284 B.R. 650, 654-58 (Bank. C.D. Ill. 2002); Smith v. Grubb, 402 Ill. 451, 84 N.E.2d 421, 427-28 (1949); Bullard v. Turner, 357 Ill. 279, 283, 192 N.E.2d 223 (1934); 28A Ill. Law & Prac., Notice §4 (2007). The bankruptcy judge is correct that the first focus of attention is the face of the document in question. If the document is regular on its face so as not to alert a bona fide purchaser of a possible mistake, the Trustee may ignore facts outside of the record including actual knowledge of the debtor which would otherwise reveal a mistake. In re Sandy Ridge Oil Co., Inc., 807 F.3d 1332, 1335 (7th Cir. 1986).

Here the Release relied upon to avoid the 1995 mortgage is outside the chain of title. No reference is made in the document to the original mortgagee, NBD Mortgage Company. Significantly, the Release refers back to the original mortgagee of the 1990 mortgage, First Chicago of Bloomingdale but not to

- 5 -

NBD Mortgage Company. The chain of title discrepancy alone on the face of the irregular Release was enough to put the Trustee on "inquiry notice" of a possible mistake. An instrument which is recorded, but cannot be traced back on the record to the original grant connecting it to the chain of title "lies outside the chain of title and is said to be a 'wild' or 'stray' instrument." In re Bruder, 207 B.R. 151, 157 (N.D. Ill. 1997). The failure to tie the Release to the mortgagee of record, NBD Mortgage Company, put the Trustee on inquiry notice of a possible mistake and required investigation of the validity of the Release. Inquiry would have led to the information available from the debtor's own schedules and the information supplied to the Title Company when it examined the Release and inquired as to its validity.

On these facts the Trustee's avoidance of the lien and the consequent windfall to the unsecured creditors must fail.

IT IS THEREFORE ORDERED that the Clerk of the Court enter judgment as follows:

(1) The judgment of the United States Bankruptcy Court in favor of plaintiff-appellee Gregg Szilagyi, Chapter 7 Trustee of the estate of Gilbert V. Johnson, Debtor, setting aside and invalidating the 1995 mortgage lien of defendants-appellants JPMorgan Chase Bank, N.A. and Charter One Bank, N.A. is reversed and the lien is upheld.

(2) This case is remanded to the United States Bankruptcy Court for further proceedings.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 12, 2007